**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-3214
———————

ANTHONY J. CILIBERTO,

Petitioner

v.

POPPLE BROTHERS; LACKAWANNA CASUALTY COMPANY;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR

———————

On Petition for Review of an Order of the
Benefits Review Board
(Agency No. 12-0528BLA)

———————

Submitted under Third Circuit LAR 34.1(a)
on January 14, 2014

Before:  RENDELL, ROTH and BARRY, Circuit Judges

(Opinion filed: July 31, 2014)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

Anthony Ciliberto petitions this Court for review of an adverse determination by the Benefits Review Board (the Board) of the United States Department of Labor. For the reasons that follow, we will deny his petition.

Ciliberto, a retired coal miner, filed a claim for disability benefits under the black lung benefits provision of Title IV of the Federal Coal Mine Health and Safety Act of 1969 (the Coal Act), as amended , 30 U.S.C. § 901 *et seq.* An administrative law judge (ALJ) denied his claim, and the Board affirmed. Mr. Ciliberto also filed three claims for disability benefits prior to the current claim, which were all denied by the ALJ and affirmed by the Board.

To obtain a merit review of a claim for black lung benefits filed more than one year after the final denial of a preceding claim, a miner must establish that there has been a change in condition of entitlement. *See* 20 C.F.R. § 725.309(c)(3). The miner may do so by meeting at least one of the elements that was lacking in the previous claim. *Id.* The elements for Mr. Ciliberto's claim include: the miner suffers from pneumoconiosis, pneumoconiosis arose out of the coal mine employment, and the miner is totally disabled as a result of the pneumoconiosis. 20 C.F.R. §§ 718.202-718.204

Mr. Ciliberto filed his current claim for black lung benefits on October 13, 2009, over five years after the Board affirmed the denial of his immediately preceding claim. After considering the newly submitted evidence— medical opinions of three doctors, x-rays, pulmonary function studies, and blood gas studies—the ALJ concluded that Mr. Ciliberto failed to establish any of the requisite elements and denied the claim. In an order dated May 20, 2013, the Board affirmed.

The ALJ had jurisdiction to adjudicate Mr. Ciliberto's claim under Section 19(d) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 919(d). Pursuant to 33 U.S.C. § 921 of the LHWCA, as incorporated into the Coal Act by 30 U.S.C. § 932(a), the Board had jurisdiction over the ALJ's final decision and we have jurisdiction to review the Board's determination. We exercise plenary review over the Board's interpretation of law and we also exercise plenary review to satisfy ourselves that the Board adhered to the statutory scope of review. *Barbera v. Director, Office of Workers' Compensation Programs*, 245 F.3d 282, 287 (3d Cir. 2001). When the Board adopts the factual findings of the ALJ, we independently review the record to determine whether the findings are supported by substantial evidence, are rational, and are in accord with the applicable law. *Soubik v. Director, Office of Workers' Compensation Programs*, 366 F.3d 226, 233 (3d Cir. 2004).

Acknowledging the lack of supporting medical evidence on the record, Ciliberto contends nonetheless that the medical opinion of Dr. Gibbons, Ciliberto's treating physician for over 32 years, is dispositive in establishing that he has pneumoconiosis and that he is totally disabled as a result. Ciliberto argues that the ALJ erred in failing to find as such, and alleges that the ALJ "substitut[ed] her own medical assessment for that of the treating physician." We disagree.

The ALJ considered all of the evidence on the record and rationally concluded that Ciliberto established neither the existence of pneumoconiosis nor total disability. First, the ALJ found that Dr. Gibbons' pneumoconiosis diagnosis was not well reasoned and, therefore, entitled to little weight. Specifically, the ALJ found that Dr. Gibbons based his

3

diagnosis on findings in a surgical report that were "too vague" and alone not enough to satisfy the regulatory definition of clinical pneumoconiosis under 20 C.F.R. §§ 718.202(a)(2) and 718.201. Additionally, the ALJ found that the interpretations of two x-rays and the medical opinions of two additional doctors did not weigh in favor of a pneumoconiosis diagnosis. Second, the ALJ afforded little weight to Dr. Gibbons' conclusion that Ciliberto is totally disabled because the doctor did not "cite any medical tests or other objective data in support of his conclusion." Instead, the ALJ afforded greater weight to the medical opinions of two doctors, who reviewed the pulmonary function studies, the blood gas studies, and the physical examination findings, and concluded that Ciliberto was not totally disabled.

Accordingly, we find that the ALJ's findings are supported by substantial evidence, are rational, and are in accord with the applicable law. The Board acted within its authority to affirm the determination. The petition for review will be denied.